ELIZA M. WHITMORE *vs.* BOSTON AND MAINE RAILROAD
COMPANY.

Essex. November 14, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Negligence — Railroad — Master and Servant — Fellow*
*Servant — Risk of Employment.*

Freight cars were made up into trains on a railroad wharf as they were loaded
from vessels by being hauled or " kicked " into position by a stationary engine.
A car inspector, in the employ of the railroad company upon the wharf, and
familiar with this method of moving the cars there, notified the conductor of a
train to leave a space between a defective car and other cars of the train; and,
while he was standing in that space making repairs upon the car, a newly
loaded car was " kicked " up against such other cars, pushing them upon him
and instantly killing him. *Held,* that the accident resulted either from his
own negligence or from that of a fellow servant, and that the railroad com-
pany was not responsible.

TORT by the administratrix of the estate of John Whitmore,
for causing his death. Trial in the Superior Court, before
*Mason,* J., who allowed a bill of exceptions, in substance as
follows.

The plaintiff's intestate was employed by the defendant upon
a wharf in Salem in inspecting and in making repairs upon cars
on the wharf. On the day of the accident, he was engaged in
repairing a coupler on a coal car forming part of a freight train
on the wharf, and was standing in a space of four or five feet
which had been left by the conductor at his request between
that car and other loaded cars of the train. Meanwhile other
servants of the defendant were loading, from a vessel lying at
the wharf, another car, which, when filled up, was hauled or
" kicked " out of the way by means of a rope, one end of which
was attached to the car and the other connected with a station-
ary engine, without any brakeman upon it or signal of warning.
This car struck against the loaded cars standing near the intes-
tate with sufficient force to drive them against him, instantly
killing him. There was evidence tending to show that this
method of " kicking" a car, as it was called, without a brake-

man upon it to regulate its speed, was dangerous; that the intestate was familiar with the manner in which the cars were moved upon the wharf; that when he went between the cars as above described he gave no notice of his position other than by his request to the conductor to leave the open space; and that he caused no signal to be displayed, and did not inform those engaged in moving the cars that he was between them. There was no evidence that he was required by the defendant to make repairs upon the car while in such a position.

Upon the above facts, the judge ruled that the action could not be maintained, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. A. Benjamin,* for the plaintiff.

*S. Lincoln,* for the defendant.

C. ALLEN, J.     The bill of exceptions finds that the plaintiff's intestate had long been familiar with the manner in which the cars had been moved at this place, and with that in use when he received his injuries.     He therefore knew that the newly loaded car was liable to be "kicked" up against the other cars, and thus to push them forward.     If under these circumstances he voluntarily went to work in the space between the cars, giving no notice that he was there, it must be considered that he negligently put himself in a position of danger, and that this negligence directly contributed to his death.     If, on the other hand, his request to the conductor to leave the space open is to be taken as a notice of his being in between the cars at the time in question, then the omission to heed this notice, and the "kicking" up of the car while he was there, were negligence of fellow servants, for which the defendant is not responsible. In either case, the court properly ruled that the plaintiff is not entitled to recover.

*Exceptions overruled.*